UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KIA RELUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:24-cv-00411-HAB-SLC |
| ) | |
| FREELAND GROUP RESTAURANTS, ) | |
| *doing business as*, Pizza Hut, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

On May 5, 2025, Defendant Freeland Group Restaurants filed a "Motion to Compel Attendance of Plaintiff at the United States District Court in Fort Wayne, Indiana for an In-Person Deposition" (ECF 17 at 1 (capitalization omitted)), at "a date and time that is mutually convenient to all parties . . . ." (*id*. at 5). Plaintiff Kia Relue, who is unrepresented, did not respond to the motion, and her time to do so has since passed. *See* N.D. Ind. L.R. 7-1(d)(3)(B). For the following reasons, Defendant's motion to compel will be granted.

### A. Procedural Background

This Court conducted a scheduling conference on December 10, 2024, setting the last date for the completion of all fact and expert discovery as July 15, 2025. (ECF 13, 14). Defendant advises that on March 3, 2025, Defendant's counsel informed Plaintiff that "he would like to schedule [Plaintiff's] deposition in the next 3 to 4 weeks and requested she contact him to arrange a mutually convenient date for her deposition to take place. Later that same day Plaintiff advised she was available on 3/24/25 or 3/25/25 for her deposition." (ECF 17 ¶ 1). After some apparent difficulty in aligning on a date, the parties finally found May 2, 2025, at 9:00am as a suitable deposition date. (*Id.* ¶¶ 2-7).

The deposition commenced via Zoom on May 2, 2025, however, Defendant asserts that it was confronted with evasive responses from Plaintiff, such as "I don't remember[,]" "I don't currently have information at my disposal[,]" and "I have no memory as a result of being in therapy based on a previous traumatic brain injury[,]" along with similar responses. (*Id.* ¶ 7). The parties ended the deposition, and later, the Court held a discussion with the parties to assist them in conducting the deposition. (*Id.* ¶ 8). The parties again attempted to hold the deposition, however, it quickly "deteriorated to [Plaintiff] providing answers that only involved issues that she wanted to discuss, and which were not responsive to the question[s] being asked." (*Id.* ¶ 9). Resultingly, the deposition terminated, leading to the present motion to compel. (*Id.* ¶ 10). Defendant states as follows in support of a deposition at this Court's location:

> It is the absolute desire of the undersigned on behalf of his client, Pizza Hut, to conduct a fair but meaningful deposition of the Plaintiff but the undersigned is of the opinion and belief that such deposition can only be fair to the Defendant if such deposition take place in person with an opportunity for the Court to intervene, observe, and make rulings regarding the appropriateness of questions, the appropriateness of Plaintiff's responses, and censoring any objections in real time which will only be requested if necessary.

(*Id.* ¶ 12 ).

### B. Applicable Law

The Federal Rules of Civil Procedure preclude parties from engaging in evasive behavior that unreasonably annoys, embarrasses, or oppresses a party. *See Jackson v. Wexford Health Sources, Inc.*, No. 3:20-CV-00900-DWD, 2023 WL 8020725, at *6 (S.D. Ill. Nov. 20, 2023).

> [U]nder Rule 37(a)(3)(B)(i), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if...a deponent fails to answer a question asked under Rule 30 or 31." Fed. R. Civ. P. 37(a)(3)(B)(i). During a deposition, the questioning party may complete or adjourn the examination before moving for that order. *See* Fed. R. Civ. P. 37(a)(3)(C); *see also* Fed. R. Civ. P. 30(d)(3)(A) ("At any time during a deposition, the deponent or a party may

2

> move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party .... If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.")[.]

*Jackson*, 2023 WL 8020725, at *6 (second alteration and ellipses in original) (citations omitted).

### C. Discussion

Here, it appears clear that Plaintiff did not provide a good faith effort during the deposition, evidenced by the averments in Defendant's motion to compel, the Court's interactions with the parties between their two attempted depositions, and Plaintiff's failure to respond to Defendant's motion. "[E]vasive or incomplete answers, such as those allegedly provided by [Plaintiff], are treated as failures to answer." *Id*. at *7 (citations omitted). Accordingly, the Court will grant Defendant's motion to compel.

### D. Conclusion

Accordingly, the Court GRANTS Defendant Freeland Group Restaurants' motion to compel (ECF 17). Plaintiff Kia Relue is ORDERED to timely appear IN-PERSON at the first-floor courtroom of the E. Ross Adair Federal Building and United States Courthouse, 1300 S. Harrison Street, Fort Wayne, Indiana, for a deposition on June 24, 2025, at 9:00am ET, and fully participate in the entirety of the deposition.[1] Relue is ADVISED that if she fails to timely appear in person at the deposition, sanctions may issue, UP TO AND INCLUDING MONETARY FINES AND DISMISSAL OF THIS LAWSUIT.

SO ORDERED. Entered this 16th day of June 2025.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[1] On June 3, 2025, the Court ordered the parties to submit proposed deposition dates in the month of June 2025 regarding the motion to compel, yet only Defendant responded with dates. (ECF 18, 19). Accordingly, the Court found June 24, 2025, as an acceptable date. (ECF 20).