UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KIA RELUE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:24-cv-00411-HAB-ALT |
| FREELAND GROUP RESTAURANTS, *doing business as* Pizza Hut, | ) ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

On June 30, 2025, after *pro se* Plaintiff Kia Relue failed to appear for several Court hearings, this Court ordered Relue to appear in person before the Court on July 24, 2025, to show cause why this case should not be summarily dismissed for her failure to prosecute it. (ECF 24). Relue failed to appear at the show-cause hearing. (ECF 26). Therefore, the undersigned Magistrate Judge recommends that Relue's claims be DISMISSED WITH PREJUDICE as a sanction under Federal Rule of Civil Procedure 16(f) and for failure to prosecute under Federal Rule of Civil Procedure 41(b).

*A.  Factual and Procedural Background*

Relue filed employment discrimination and retaliation claims against her former employer, Defendant Freeland Group Restaurants, on September 27, 2024. (ECF 1). On October 30, 2024, Magistrate Judge Susan Collins set a preliminary pretrial conference for November 19, 2024. (ECF 8). A copy of the docket entry setting the hearing and status conference was mailed to Relue at her address of record. (*Id.*). However, this mail was returned as undeliverable. (ECF 11).

At the November 19, 2024, preliminary pretrial conference ("PPTC"), Defendant's counsel appeared, but Relue did not. (ECF 12). Consequently, Magistrate Judge Collins set a show-cause hearing and PPTC for December 10, 2024, ordering Relue to appear in person. (*Id.*). The Court sent a copy of the docket entry setting the hearing and PPTC to Relue at her address of record. (*Id.*).

At the December 10, 2024, hearing and PPTC, Relue appeared in person while Defendant's counsel appeared telephonically. (ECF 13). Relue advised the Court that she resided in Chicago, Illinois, and indicated that she would apprise the Clerk's office of her updated address. (*Id.*). Relue also provided her email address during the hearing. (*Id.*). On January 23, 2025, the Court acknowledged receipt of a new address from Relue via email and admonished that she must file a notice of her new address on the record, and not via email. (ECF 15). On February 14, 2025, Relue subsequently filed her new address, in North Carolina, on the record. (ECF 16).

On May 5, 2025, Defendant filed a motion to compel the attendance of Relue at a deposition, citing her failure to properly engage in a deposition as a deponent. (ECF 17). Relue did not respond to the motion and the Court granted the motion by ordering Relue to timely appear in person at the first-floor courtroom of the E. Ross Adair Federal Building and United States Courthouse, 1300 S. Harrison Street, Fort Wayne, Indiana, for a deposition on June 24, 2025, at 9:00am ET. (ECF 21). Relue was ordered to fully participate in the entirety of the deposition and was advised that if she failed to timely appear in person at the deposition, sanctions may issue, including dismissal of this lawsuit. (*Id.*). A copy of the docket entry and Order granting the motion to compel and ordering Relue to appear at the deposition on June 24, 2025, was sent to Relue at her address of record. (ECF 20, 21).

2

On June 24, 2025, after Relue failed to timely appear for the deposition, the Court held a status conference at which Defendant's counsel appeared and Relue did not. (ECF 22).[1] Magistrate Judge Collins set a show-cause hearing for July 24, 2025, ordering Relue to appear in person. (ECF 24). A copy of the docket entry setting the show- cause hearing was mailed to Relue at her address of record. (*Id.*).

This case was subsequently reassigned to the undersigned Magistrate Judge, who conducted the July 24, 2025, show cause hearing. (ECF 25, 26). At the July 24, 2025, show-cause hearing, Defendant's counsel appeared, but Relue—once again—did not. (ECF 26). During the hearing the Court indicated that a report and recommendation to dismiss this lawsuit would follow. (*Id.*).

### B.  Applicable Law

Federal Rule of Civil Procedure 16(f)(1) provides that the Court may, on its own motion, "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (A) fails to appear at a scheduling or other pretrial conference; . . . or (C) fails to obey a scheduling or other pretrial order." Specifically, Rule 37(b)(2)(A)(v) authorizes the Court to dismiss an action, in whole or part, as a sanction for failing to comply with a court order. The "ultimate sanction [of dismissal] is reserved for cases in which the offending party has demonstrated wilfulness, bad faith, or fault." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (citation omitted).

Further, "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Additionally, district courts have the authority to dismiss actions for failure to prosecute *sua*

---

[1] Defendant filed a motion for sanctions given Relue's failure to appear at the deposition as ordered. (ECF 23). That motion requested Relue's lawsuit be dismissed. (*Id.*). This Report and Recommendation, however, is being issued by the undersigned Magistrate Judge *sua sponte*, and thus, the motion for sanctions remains pending.

3

*sponte* as "an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (citation and internal quotation marks omitted). That is, "[d]istrict courts have the power to control their dockets, and there comes a point when disregard of court rules and orders becomes so serious that sanctions, including dismissing a case *sua sponte,* are in order." *Alexander v. Casino Queen Inc.*, 321 F. App'x 509, 511 (7th Cir. 2009) (citations omitted).

"The sanction of dismissal is appropriate only in extreme situations when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *English v. Cowell,* 969 F.2d 465, 473 (7th Cir.1992) (citations and internal quotation marks omitted). "The criteria for sanctions under Rules 16(f), 37(b), and 41(b) are the same." *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (collecting cases).

### C.  Discussion

In this case, Relue has failed to appear at three Court proceedings wherein her attendance was ordered. (ECF 12, 22, 26). This warrants sanctions under Rule 16(f)(1)(A) up to and including involuntary dismissal. *See Lucien*, 9 F.3d at 29 ("A determination that by disobeying [an order to appear at a hearing] the plaintiff failed to prosecute his suit and that the suit should be dismissed with prejudice as a sanction for that failure is equivalent to a determination that the disobedience of such an order should be visited with the sanction of dismissal by the force of Rule 37(b) directly or as incorporated into Rule 16 . . . .").

Further, the undersigned Magistrate Judge finds that Relue's repeated failures to appear when ordered is contumacious conduct warranting dismissal of this case pursuant to the Court's "inherent power" to manage its own affairs "so as to achieve the orderly and expeditious disposition" of this case. *James*, 417 F.3d at 681 (citation omitted); *see also Johnson v. Berrien*

4

*Cnty. Mich.*, No. 3:19-cv-106 DRL-MGG, 2020 WL 5258261, at *1 (N.D. Ind. Sept. 3, 2020) ("After a record of repeated and unexcused noncompliance, and opportunities to be heard, the court's decision at this point is straightforward: this case is dismissed with prejudice . . . ."); *Renehan v. Soc. Sec. Admin.*, No. 1:19-cv-04643-JRS-TAB, 2020 WL 6681636, at *1 (S.D. Ind. Nov. 12, 2020) ("[T]he Court . . . finds that this matter should be dismissed without prejudice based on Plaintiff's failure to respond in any meaningful way to the two successive show cause orders requiring him to show that he had effected service on Defendants.").

Relatedly, the Seventh Circuit Court of Appeals has often required that fair notice be given to a party or its attorney before dismissal. *See Ball v. City of Chi.*, 2 F.3d 752, 755-56 (7th Cir. 1993). Here, Magistrate Judge Collins explicitly warned Relue in the Opinion and Order dated June 16, 2025, and the Notice and Order dated June 30, 2024, that her claims may be dismissed if she failed to appear at the respective June 24, 2025, deposition (ECF 21) and July 24, 2025, show-cause hearing (ECF 24); *see Am. United Life Ins. Co. v. Greer*, No. 2:13-CV-220 JVB, 2014 WL 6388613, at *2 (N.D. Ind. Nov. 14, 2014) ("In this case, 'due warning' was formalized in two Show Cause Orders, as well as in other written reminders to the defendants of their need to participate in the proceedings, and the Court finds that dismissal is warranted by Defendant Bowman's failure to comply with the Orders to Show Cause or to otherwise participate in the proceedings, including her failure to maintain contact with the Court, either by accepting mail sent to the address she provided or by updating her contact information."). As such, Relue has been adequately warned of the possibility of dismissal of this case, and there is no need to further delay dismissal.

### D.  Conclusion

For the foregoing reasons, the undersigned Magistrate Judge *sua sponte* RECOMMENDS that Plaintiff Kia Relue's claims be DISMISSED WITH PREJUDICE pursuant

to Federal Rules of Civil Procedure 16(f)(1) and 41(b) and the Court's inherent power to manage its own affairs as a result of Relue's failure to attend three hearings—two of which were show-cause hearings—or to otherwise prosecute her case. The Clerk is directed to send a copy of this Report and Recommendation to Relue at her last known address and to both counsel of record.

NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *See Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

SO ORDERED.

Entered this 4th day of August 2025.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge